# 25-1197-cv

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

CHRISTOPHER DOLCE, SHINAIDE MCALEAVEY-POLLEY, SARAH ECKE,

*Plaintiffs-Appellants,*

NEW YORK LGBT NETWORK, INC.,

*Plaintiff,*

*v.*

CONNETQUOT CENTRAL SCHOOL DISTRICT, CONNETQUOT BOARD OF EDUCATION, LYNDA G. ADAMS, REZA KOLAHIFAR, JACLYN NAPOLITANO-FURNO, LEE KENNEDY, MICHAEL MORAN,

*Defendants-Appellees.*

*On Appeal from the United States District Court for the Eastern District of New York*

## BRIEF FOR DEFENDANTS-APPELLEES MICHAEL MORAN AND LEE KENNEDY

Rondiene E. Novitz
Julissa M. Proano
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP
*Attorneys for Defendants-Appellees Michael Moran and Lee Kennedy*
341 Conklin Street
Farmingdale, New York 11735
516-586-8513

PHP (212) 719-0990
appeals@phpny.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ iii

JURISDICTIONAL STATEMENT ........ 1

District Court Jurisdiction ........ 1

Court of Appeals Jurisdiction ........ 1

COUNTER STATEMENT OF QUESTIONS PRESENTED ........ 2

PRELIMINARY STATEMENT ........ 4

POINT I

INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO THE FIRST AMENDMENT VIEWPOINT DISCRIMINATION CLAIM ........ 5

A. The Law Governing Teacher Classroom Speech Remains Unsettled ........ 6

B. Plaintiffs' Reliance on Tinker and James Is Misplaced ........ 7

C. The Individual Defendants Acted Objectively Reasonably ........ 8

D. Qualified Immunity Was Properly Granted at the Pleading Stage ........ 8

POINT II

THE TITLE VII CLAIMS WERE PROPERLY DISMISSED AS THERE IS NO LIABILITY FOR INDIVIDUAL DEFENDANTS AND MCDONNEL DOUGLAS WAS PROPERLY APPLIED ........ 9

A. There is no liability for individual Defendants under Title VII ... 9

B. Application of the McDonnell Douglas Framework at the Pleading Stage Was Proper ... 10

C. Plaintiffs Did Not Allege a Cognizable Adverse Employment Action ... 11

D. No Inference of Discriminatory Animus ... 11

E. Retaliation Claims Properly Dismissed ... 12

POINT III

THE DISTRICT COURT PROPERLY DISMISSED THE EQUAL PROTECTION CLAIM ... 13

POINT IV

MONELL LIABILITY IS INAPPLICABLE TO INDIVIDUAL DEFENDANTS ... 15

POINT V

THE DISTRICT COURT PROPERLY DECLINED TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS ... 15

POINT VI

THE DISTRICT COURT PROPERLY DECLINED TO GRANT LEAVE TO AMEND ... 16

CONCLUSION ... 18

CERTIFICATE OF COMPLIANCE ... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adeniran v. State of N.Y.*,
106 A.D.3d 844 (2d Dep't 2013)....12

*Alvarado v. United Hospice, Inc.*,
631 F. Supp. 3d 89 (S.D.N.Y. 2022)....11

*Anderson v. City of New York*,
817 F. Supp. 2d 77 (E.D.N.Y. 2011)....14

*Best Payphones, Inc. v. Dobrin*,
410 F. Supp. 3d 457 (E.D.N.Y. 2019)....13

*Brady v. Wal-Mart Stores, Inc.*,
531 F.3d 127 (2d Cir. 2008)....11

*Byrd v. City of New York*,
2024 WL 4871885 (S.D.N.Y. 2024)....6

*Catzin v. Thank You & Good Luck Corp.*,
899 F.3d 77 (2d Cir. 2018)....15

*Cherry v. New York City Hous. Auth.*,
564 F. Supp. 3d 140 (E.D.N.Y. 2021)....11

*Cornejo v. Bell*,
592 F.3d 121 (2d Cir. 2010)....5

*Cunningham v. N.Y. State DOL*,
326 F. App'x 617 (2d Cir. 2009)....11

*EEOC v. Bloomberg L.P.*,
967 F. Supp. 2d 816 (S.D.N.Y. 2013)....10

*Forrest v. Jewish Guild for the Blind*,
3 N.Y.3d 295 (2004)....10

*Garcetti v. Ceballos*,
547 U.S. 410 (2006)........................................................................6, 7

*Gooden v. Joseph P. Addabbo Fam. Health Ctr., Inc.*,
2024 WL 677587 (E.D.N.Y. Jan. 24, 2024).......................................................12

*Hansen v. City of New York*,
No. 24-cv-2808, 2025 WL 588119 (S.D.N.Y. Feb. 24, 2025)...........................16

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)........................................................................5

*Hawkins v. 1115 Legal Serv. Care*,
163 F.3d 684 (2d Cir. 1998) ........................................................................9

*Hazelwood Sch. Dist. v. Kuhlmeier*,
484 U.S. 260 (1988)........................................................................7, 14

*Hu v. City of New York*,
927 F.3d 81 (2d Cir. 2019) ........................................................................13

*Kane v. City of New York*,
2022 WL 17553307 (E.D.N.Y. Dec. 9, 2022).......................................................14

*Kirby v. Yonkers Sch. Dist.*,
767 F. Supp. 2d 452 (S.D.N.Y. 2011) ........................................................................7

*Lee-Walker v. N.Y.C. Dep't of Educ.*,
220 F. Supp. 3d 484 (S.D.N.Y. 2016), *aff'd*,
712 F. App'x 43 (2d Cir. 2017) ........................................................................6, 7

*Lilakos v. New York City*,
808 F. App'x 4 (2d Cir. 2020)........................................................................14

*Malley v. Briggs*,
475 U.S. 335 (1986)........................................................................5, 8

*Mathirampuzha v. Potter*,
548 F.3d 70 (2d Cir. 2008) ........................................................................11

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)........................................................................2, 10

*McKinney v. City of Middletown*,
49 F.4th 730 (2d Cir. 2022) ....................7

*Missick v. City of N.Y.*,
707 F. Supp. 2d 336 (E.D.N.Y. 2010) ....................10

*Monell v. Department of Social Services*,
436 U.S. 658 (1978)....................15

*MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*,
66 F.4th 77 (2d Cir. 2023) ....................17

*Munck v. Simons Found.*,
No. 23-cv-9188, 2024 WL 4307776 (S.D.N.Y. Sept. 26, 2024)....................16

*Phillips v. Bowen*,
278 F.3d 103 (2d Cir. 2002) ....................11

*Pucino v. Verizon Wireless Commc'ns, Inc.*,
618 F.3d 112 (2d Cir. 2010) ....................10

*Reichle v. Howards*,
566 U.S. 658 (2012)....................8

*Sanders v. N.Y.C. Human Res. Admin.*,
361 F.3d 749 (2d Cir. 2004) ....................11

*Schulz v. Commack Union Free Sch. Dist.*,
664 F. Supp. 3d 296 (E.D.N.Y. 2023) ....................13

*Sethi v. Narod*,
12 F. Supp. 3d 505 (E.D.N.Y. 2014) ....................11

*Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ.*,
42 F.3d 719 (2d Cir. 1994) ....................7

*St. Juste v. Metro Plus Health Plan*,
8 F. Supp. 3d 287 (E.D.N.Y. 2014) ....................12

*Summa v. Hofstra Univ.*,
708 F.3d 115 (2d Cir. 2013) ....................12

*TechnoMarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014) ....................17

*Tinker v. Des Moines Indep. Cmty. Sch. Dist.*,
393 U.S. 503 (1969)....................7

*Tomka v. Seiler Corp.*,
66 F.3d 1295 (2d Cir. 1995) ....................9

*Turkmen v. Hasty*,
789 F.3d 218 (2d Cir. 2015) ....................8

*Valenti v. Massapequa Union Free Sch. Dist.*,
2006 WL 2570871 (E.D.N.Y. 2006) ....................11

*VanBrocklen v. United States*,
2009 WL 819382 (N.D.N.Y. Mar. 26, 2009) ....................14

*Walsh v. N.Y.C. Hous. Auth.*,
828 F.3d 70 (2d Cir. 2016) ....................10

*Whidbee v. Garzarelli Food Specialties*,
Inc., 223 F.3d 62 (2d Cir. 2000) ....................9

*Yerdon v. Poitras*,
120 F.4th 1150 (2d Cir. 2024) ....................10

*Zahra v. Town of Southold*,
48 F.3d 674 (2d Cir. 1995) ....................13

*Zappia v. Myovant Scis. Ltd.*,
No. 24-253-cv, 2025 WL 338351 (2d Cir. Jan. 30, 2025) ....................17

**Statutes**

28 U.S.C. § 1291 ....................1

28 U.S.C. § 1331 ....................1

28 U.S.C. § 1367(c)(3)....................15

42 U.S.C. § 1983 ....................1, 5

42 U.S.C. § 2000e ....................1

Title VII of the Civil Rights Act of 1964 ........................................................ *passim*

New York State Human Rights Law ...................................................................16

**Rules**

Rule § 12(b)(6) ......................................................................................................9

**Constitutional Provisions**

First Amendment ........................................................................................ *passim*

United States Constitution Fourteenth Amendment ...............................................1

## JURISDICTIONAL STATEMENT

District Court Jurisdiction

The United States District Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers federal-question jurisdiction. Plaintiff's claims arose under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §1983 for violations of their rights under the First Amendment and Fourteenth Amendment to the United States Constitution, presenting substantial federal questions on the face of the complaint.

Court of Appeals Jurisdiction

The United States Court of Appeals for the Second Circuit has jurisdiction under 28 U.S.C. § 1291, which authorizes appeals from all final decisions of the district courts. This appeal arises from a final order dismissing the complaint in its entirety.

## COUNTER STATEMENT OF QUESTIONS PRESENTED

A. Whether the district court erred in granting qualified immunity to defendants Michael Moran and Lee Kennedy concluding that Plaintiffs' rights were not clearly established.

B. Answer: No, the District court did not err in granting qualified immunity to the defendants Michael Moran and Lee Kennedy. Whether the district court erred in dismissing, and without addressing, plaintiffs' facial challenge to the District's policies under the First Amendment's prohibition on viewpoint discrimination.

Answer: No. The District Court properly dismissed Plaintiffs' facial challenge to the District's policies under the First Amendment.

C. Whether the District Court erred in applying the *McDonnell Douglas* burden-shifting framework at the pleading stage in dismissing the claims discrimination claims under Title VII and Title IX, and finding that plaintiffs failed to show adverse employment action.

Answer: No. The District Court correctly applied the *McDonnell Douglas* framework and properly found that Plaintiffs failed to allege any adverse employment action.

D. Whether the district court erred in dismissing the Equal Protection claim concluding that (1) that they were duplicative of the First Amendment claims; and (2) that plaintiffs failed to show that Defendants either acted with malice or because of Plaintiffs' LGBT status.

Answer: No. The District Court properly dismissed the Equal Protection claim as duplicative and unsupported by factual allegations of discriminatory intent.

E. Whether the individual defendants including Michael Moran and Lee Kennedy are improper defendants under Title VII.

Answer: Yes, There can be no liability for individual defendants under Title VII.

F. Whether the District Court erred in declining to exercise supplemental jurisdiction over the state law claims.

over the state law claims.

Answer: No. The District Court properly declined to exercise supplemental jurisdiction after dismissing all federal claims.

G. Whether the Court erred in denying Plaintiffs an opportunity replead the complaint.

Answer: No. The District Court did not err in acting within its discretion in denying leave to amend.

## PRELIMINARY STATEMENT

This firm represents individual Defendants Michael Moran and Lee Kennedy. Appellee Lee Kennedy was a Trustee of the Board at the time of the Complaint. Appellee Michael Moran was and is the Principal of Connetquot Central High School. The Amended Complaint fails to include any indication that Ms. Kennedy or Mr. Moran had anything to do with the alleged discriminatory actions and policies implemented by the school district. They are individual defendants who are entitled to qualified immunity under all First Amendment claims and are improper defendants under all Title VII claims.

This case stems from Sarah Ecke, a math teacher in the district who decided to decorate the walls in her math classroom with two political flags. These flags had nothing to do with math, but instead, convey a political message much like flags for "Black Lives Matter," "Blue Lives Matter," "MAGA", and others created by hot button political issues. By affixing these flags to the walls of her math classroom, Ecke broadcast her political messaging to her captive audience, the students in her room present to learn math. The district requested all teachers remove all flags in the classroom with the exception of the American Flag, New York Flag and any flag which relates to curriculum. This case ensued.

The Supreme Court has long recognized that school districts, not teachers or courts, get to make pedagogical decisions about certain subjects it exposes to young students. Such decisions include the directive challenged here: to remove political flags from classrooms.

To cover up what is simply their disagreement with the District's pedagogical decisions, Plaintiffs throw every conceived cause of action against the wall. None sticks. They join Plaintiffs without standing and sue defendants without sufficient showing of their involvement in this controversy.

## POINT I

## INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO THE FIRST AMENDMENT VIEWPOINT DISCRIMINATION CLAIM

The District Court properly granted qualified immunity to the individual defendants with respect to Plaintiffs' First Amendment viewpoint discrimination claim. Qualified immunity shields government officials from personal liability under 42 U.S.C. § 1983 where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Cornejo v. Bell*, 592 F.3d 121, 128 (2d Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The District Court correctly determined that, even assuming Plaintiffs could state a constitutional claim, the individual defendants are entitled to qualified immunity because the right asserted was not "clearly established," and their actions were objectively reasonable under the circumstances. See Dist. Ct. Op. at __ (citing *Byrd v. City of New York*, 2024 WL 4871885, at *4–6* (S.D.N.Y. 2024); *Lee-Walker v. N.Y.C. Dep't of Educ.*, 220 F. Supp. 3d 484, 494–95 (S.D.N.Y. 2016), *aff'd*, 712 F. App'x 43 (2d Cir. 2017)).

**A. The Law Governing Teacher Classroom Speech Remains Unsettled.**

As the District Court recognized, neither the Supreme Court nor the Second Circuit has decided which First Amendment standard applies to a secondary school teacher's in-class expression. See *Byrd*, 2024 WL 4871885, at *4–5*; *Lee-Walker*, 220 F. Supp. 3d at 494–95. In *Byrd*, the court held that qualified immunity was appropriate because "no decision would put every reasonable official on notice that the conduct alleged violated a teacher's First Amendment rights." *Id.* at *6*.

This same reasoning applies here. The unsettled nature of the law concerning a teacher's classroom speech—particularly after *Garcetti v. Ceballos*, 547 U.S. 410 (2006)—means that reasonable school officials could not have known what standard governed classroom expression or how it intersected with curricular control. The absence of controlling precedent "beyond debate" confirms that qualified immunity

applies. See Dist. Ct. Op. at __ (citing *McKinney v. City of Middletown*, 49 F.4th 730, 738–39 (2d Cir. 2022)).

**B. Plaintiffs' Reliance on Tinker and James Is Misplaced.**

Plaintiffs incorrectly asserted that *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969), governs this case. As Defendants argued below, "[p]laintiffs incorrectly argue that *Tinker* controls this case, not *Hazelwood*." (Reply Affirmation in Supp. of Mot. to Dismiss, ECF No. 42 at 7–8.)

The Supreme Court's decision in *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 272–73 (1988), provides that schools may regulate "school-sponsored expressive activities" so long as their actions are "reasonably related to legitimate pedagogical concerns." The Second Circuit and district courts within it have consistently applied *Hazelwood* and *Garcetti* to restrict teacher speech in the classroom context. See *Lee-Walker*, 220 F. Supp. 3d at 491–92; *Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ.*, 42 F.3d 719, 723 (2d Cir. 1994); *Kirby v. Yonkers Sch. Dist.*, 767 F. Supp. 2d 452, 461 (S.D.N.Y. 2011).

As Defendants explained, Plaintiff Ecke's display of political flags in her math classroom used a captive audience of students to convey her message. (Reply Affirmation, ECF No. 42 at 8.) Under *Hazelwood* and *Silano*, the District lawfully may regulate such classroom expression to ensure pedagogical neutrality. The District Court properly agreed, concluding that the individual defendants could not

have been on notice that their actions violated any clearly established First Amendment right.

**C. The Individual Defendants Acted Objectively Reasonably.**

Even assuming arguendo that a constitutional violation occurred, the District Court correctly found that the individual defendants acted objectively reasonably. Qualified immunity protects officials who make reasonable judgments in uncertain legal terrain. See *Turkmen v. Hasty*, 789 F.3d 218, 281 (2d Cir. 2015); *Reichle v. Howards*, 566 U.S. 658, 664 (2012).

Here, the individual defendants' alleged actions—taken to enforce neutral classroom and curricular standards—were consistent with established administrative duties and legitimate pedagogical concerns. Their conduct was not "plainly incompetent" nor a "knowing" violation of law. See *Malley*, 475 U.S. at 341. There is no allegation that Michael Moran took action outside of what he was directed to do by his supervisors and Lee Kennedy voted against the Board. Because the applicable First Amendment standard for teacher classroom expression remains unsettled, it was objectively reasonable for them to believe their conduct was lawful.

**D. Qualified Immunity Was Properly Granted at the Pleading Stage.**

The District Court properly resolved qualified immunity on a motion to dismiss. As Defendants emphasized in their moving and reply papers, qualified immunity protects officials not only from liability but also from the burdens of

litigation and discovery. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 6.) When entitlement to the defense is evident from the face of the complaint—as here—the Court may appropriately dismiss the claim at the Rule 12(b)(6) stage.

Plaintiffs' own allegations showed that the individual defendants acted in their official capacities to manage school-sponsored instruction. In such a context and given the absence of clearly established law governing classroom speech, the District Court correctly concluded that qualified immunity bars Plaintiffs' First Amendment claim against both Ms. Kennedy and Mr. Moran.

## POINT II

## THE TITLE VII CLAIMS WERE PROPERLY DISMISSED AS THERE IS NO LIABILITY FOR INDIVIDUAL DEFENDANTS AND MCDONNEL DOUGLAS WAS PROPERLY APPLIED

### A. There is no liability for individual Defendants under Title VII.

The Second Circuit has unequivocally held that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII of the Civil Rights Act of 1964. *Hawkins v. 1115 Legal Serv. Care,* 163 F.3d 684 (2d Cir. 1998). In the landmark case of *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995), the Second Circuit specifically held that individuals may not be held personally liable under Title VII. *Whidbee v. Garzarelli Food Specialties,* Inc., 223 F.3d 62 (2d Cir. 2000).

The court's reasoning in Tomka was grounded in Congressional intent regarding the statutory framework. The Second Circuit explained that because "Congress intended to limit liability to employer-entities with fifteen or more employees" and thus spare small entities from the costs associated with litigating discrimination claims, it would make little sense to read the statute as simultaneously permitting suits against individual employees. *Yerdon v. Poitras,* 120 F.4th 1150 (2d Cir. 2024).

**B. Application of the *McDonnell Douglas* Framework at the Pleading Stage Was Proper**

Even if individuals could be sued under Title VII, the District Court correctly applied the *McDonnell Douglas* framework at the pleading stage. Courts in the Second Circuit consistently apply the familiar three-step burden-shifting framework. See *EEOC v. Bloomberg L.P.,* 967 F. Supp. 2d 816, 832 (S.D.N.Y. 2013) *Pucino v. Verizon Wireless Commc'ns, Inc.,* 618 F.3d 112, 117 n.2 (2d Cir. 2010); *Walsh v. N.Y.C. Hous. Auth*., 828 F.3d 70, 74–75 (2d Cir. 2016); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To survive a motion to dismiss, plaintiffs must plead sufficient facts to make out a prima facie case of discrimination, including: (a) membership in a protected class; (b) qualification for the position; (c) suffering an adverse employment action; and (d) circumstances giving rise to an inference of discrimination. See *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 323-24 (2004); ***Missick v. City of N.Y.,*

707 F. Supp. 2d 336, 352 (E.D.N.Y. 2010); ***Brady v. Wal–Mart Stores, Inc*., 531 F.3d 127, 134 (2d Cir. 2008).

**C. Plaintiffs Did Not Allege a Cognizable Adverse Employment Action**

To constitute an adverse employment action, the change must be "materially adverse" and more than a mere inconvenience or alteration of job responsibilities. See *Mathirampuzha v. Potter,* 548 F.3d 70, 78 (2d Cir. 2008); *Sanders v. N.Y.C. Human Res. Admin*., 361 F.3d 749, 755 (2d Cir. 2004); *Alvarado v. United Hospice, Inc*., 631 F. Supp. 3d 89, 112 (S.D.N.Y. 2022); *Phillips v. Bowen*, 278 F.3d 103, 117 (2d Cir. 2002*); Cunningham v. N.Y. State DOL*, 326 F. App'x 617, 619 (2d Cir. 2009); *Valenti v. Massapequa Union Free Sch. Dist*., 2006 WL 2570871, at *10 (E.D.N.Y. 2006).

Here, the only actions alleged—as noted by the District Court, removal of a flag and minor edits to a field trip permission slip—are trivial and do not constitute materially adverse employment actions. The Court properly found these actions insufficient to meet the threshold under Title VII. .

**D. No Inference of Discriminatory Animus**

To establish discriminatory motive, plaintiffs must allege treatment less favorable than that of a similarly situated employee outside their protected class. See *Cherry v. New York City Hous. Auth*., 564 F. Supp. 3d 140, 171–72 (E.D.N.Y. 2021); *Sethi v. Narod*, 12 F. Supp. 3d 505, 536 (E.D.N.Y. 2014).

The Court correctly found that the District's actions were taken in response to parent complaints regarding classroom displays, not due to animus against LGBTQ+ employees. The policies applied uniformly across classrooms, and no similarly situated comparator was treated differently.

**E. Retaliation Claims Properly Dismissed**

Plaintiffs also fail to plead a prima facie case of retaliation. To do so, they must allege: (a) engagement in protected activity; (b) employer knowledge of the activity; (c) adverse employment action; and (d) causal connection. See *St. Juste v. Metro Plus Health Plan*, 8 F. Supp. 3d 287, 320 (E.D.N.Y. 2014); *Summa v. Hofstra Univ.,* 708 F.3d 115, 125 (2d Cir. 2013); *Adeniran v. State of N.Y.*, 106 A.D.3d 844, 844-45 (2d Dep't 2013); *Gooden v. Joseph P. Addabbo Fam. Health Ctr., Inc*., 2024 WL 677587, at 7 (E.D.N.Y. Jan. 24, 2024).

The District Court did not err in applying the McDonnell Douglas framework at the pleading stage. Plaintiffs failed to allege a materially adverse employment action or any discriminatory or retaliatory animus. The dismissal of their Title VII claims was proper.

## POINT III

## THE DISTRICT COURT PROPERLY DISMISSED THE EQUAL PROTECTION CLAIM

Petitioners argue that the District Court erred in dismissing their Equal Protection claim, contending that it is not duplicative of their First Amendment claims and was adequately pled. This argument is without merit.

First, the District Court correctly dismissed the Equal Protection claim as duplicative of the First Amendment claims. Petitioners' allegations—centered on the purported inability to display pride flags, pride progress flags, and related stickers—merely restate the claims of First Amendment retaliation. Courts in this Circuit routinely dismiss Equal Protection claims that are duplicative of First Amendment claims. See **Best Payphones, Inc. v. Dobrin**, 410 F. Supp. 3d 457, 484 (E.D.N.Y. 2019); **Schulz v. Commack Union Free Sch. Dist.**, 664 F. Supp. 3d 296, 310 (E.D.N.Y. 2023). Petitioners identify no materially different harm to support a separate Equal Protection claim.

Second, the District Court properly found that petitioners failed to plead discriminatory intent or malice. To establish a selective enforcement Equal Protection claim, a plaintiff must allege that (1) similarly situated individuals were treated differently, and (2) the differential treatment was motivated by impermissible considerations such as sexual orientation or malice. See **Hu v. City of New York**, 927 F.3d 81, 91, 96 (2d Cir. 2019); **Zahra v. Town of Southold**, 48 F.3d 674, 683

(2d Cir. 1995); **Anderson v. City of New York**, 817 F. Supp. 2d 77, 94–95 (E.D.N.Y. 2011). Petitioners' alleged comparators—including students painting parking spaces, teachers wearing religious jewelry, and flags displayed in classrooms—are not similarly situated in all material respects to teacher speech during class. See **Kane v. City of New York**, 2022 WL 17553307, at *3 (E.D.N.Y. Dec. 9, 2022); **Hazelwood Sch. Dist. v. Kuhlmeier**, 484 U.S. 260, 271 (1988). Moreover, the facts pled—such as the District's adjustment of a field trip permission slip in response to parental concerns—demonstrate that the policies were enforced for legitimate, non-discriminatory reasons. As the District Court explained, petitioners' own allegations show the absence of malice or discriminatory motive, and therefore their Equal Protection claim fails. See **VanBrocklen v. United States**, 2009 WL 819382, at *4 (N.D.N.Y. Mar. 26, 2009); **Lilakos v. New York City**, 808 F. App'x 4, 8 (2d Cir. 2020).

Because the Equal Protection claim is duplicative of the First Amendment claims and lacks factual support for selective enforcement or discriminatory intent, the District Court acted well within its discretion in dismissing it.

## **<u>POINT IV</u>**

## MONELL LIABILITY IS INAPPLICABLE TO INDIVIDUAL DEFENDANTS

Petitioners' arguments regarding Monell liability are directed exclusively at the Connetquot Central School District and have no bearing on Ms. Kennedy or Mr. Moran. . Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), municipalities or local government entities—not individual employees—may be held liable for constitutional violations resulting from official policies or customs. Because Monell claims cannot attach to individual defendants, Petitioners' assertion of Monell liability does not support any claim of personal liability against the appellees in their individual capacities.

## **<u>POINT V</u>**

## THE DISTRICT COURT PROPERLY DECLINED TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

The District Court acted well within its discretion in declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to retain jurisdiction where all federal claims have been dismissed. As the Court correctly noted, when "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d

Cir. 2018). Here, all federal claims were dismissed, leaving only the state law claims for consideration.

The Court also appropriately considered judicial economy, convenience, fairness, and comity. In the employment context, courts "routinely decline to exercise supplemental jurisdiction over state- and city-law claims when the federal claims have been dismissed." *Munck v. Simons Found.*, No. 23-cv-9188, 2024 WL 4307776, at *9 (S.D.N.Y. Sept. 26, 2024). Moreover, the Court recognized that some state law claims, including claims under the New York State Human Rights Law, may be analyzed under different standards than the federal claims. See *Hansen v. City of New York*, No. 24-cv-2808, 2025 WL 588119, at *9 (S.D.N.Y. Feb. 24, 2025).

Accordingly, the District Court properly exercised its discretion in declining to retain supplemental jurisdiction, and this decision should be affirmed.

## <u>POINT VI</u>

## THE DISTRICT COURT PROPERLY DECLINED TO GRANT LEAVE TO AMEND

Appellants argue that the district court erred in declining to allow them to cure any alleged pleading deficiencies. The record shows this argument is without merit. The district court correctly applied governing principles and exercised its discretion.

As the District court explained, a court may decline leave to amend where the plaintiff fails to specify how amendment would cure the deficiencies, particularly where the plaintiff has already amended the complaint once. Here, the court noted that the plaintiffs "have already amended [their] complaint once and provided the Court with no new facts in support of any request for leave to amend," and thus "failed to specify to the Court…how amendment would cure the pleading deficiencies in [their] complaint." *Zappia v. Myovant Scis. Ltd.*, No. 24-253-cv, 2025 WL 338351, at *4–5 (2d Cir. Jan. 30, 2025).

The district court also cited the principle that leave to amend is not automatic, but may be denied for good reason, including futility or failure to provide new facts, and emphasized that plaintiffs did not seek leave to amend a second time. *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90–91 (2d Cir. 2023); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

Accordingly, the district court acted well within its discretion in declining to grant leave to amend.

## CONCLUSION

For the foregoing reasons, the district court's judgment should be affirmed in its entirety, and that the Court grant such other relief as it deems just and proper.

Dated: Farmingdale, New York
November 5, 2025

Respectfully submitted,

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/Julissa M. Proano
Julissa M. Proano, Esq.
Attorneys for Defendants
Michael Moran and
Lee Kennedy
341 Conklin Street
Farmingdale, New York 11735
(516) 586-8513
File No. 709.151

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Local Rule 32.1(4) because this brief contains 3,360 words, excluding the parts of the brief exempted by F.R.A.P. 32(f).

This brief complies with the typeface requirements of F.R.A.P. 32(a)(5) and the type style requirements of F.R.A.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point font.

Dated: Farmingdale, New York
November 5, 2025

Respectfully submitted,

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/Julissa M. Proano

Julissa M. Proano, Esq.
Attorneys for Defendants
Michael Moran and
Lee Kennedy
341 Conklin Street
Farmingdale, New York 11735
(516) 586-8513
File No. 709.151